IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-00222-JD |
| | ) |
| BRYAN LANE POAFPYBITTY, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Bryan Lane Poafpybitty, Jr.'s Unopposed Motion to File Sentencing Memorandum Under Seal ("Motion"). [Doc. No. 49]. The Motion requests leave to file Poafpybitty Jr.'s sentencing memorandum under seal. The Motion advises that the sentencing memorandum will contain sensitive matters and confidential personal information. Motion at 1. The government does not oppose the Motion.

LCrR32.1(b) provides that any presentence report filed with the court is a restricted document and that "any party wish[ing] to make substantial reference to confidential information in the pre-sentence . . . report in any . . . memoranda of law or other document . . . shall apply to the court for an order authorizing the . . . memoranda of law or other document . . . to be filed under seal." Further, Federal Rule of Criminal Procedure 49.1(d) provides that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

Under Rule 49.1(d) and LCrR32.1(b), the Court PROVISIONALLY GRANTS the Motion. Poafpybitty Jr.'s counsel may file the sentencing memorandum and any supporting documents under seal in accordance with the Electronic Case Filing Policies and Procedures Manual for the Western District of Oklahoma. At sentencing, however, the parties should be prepared to address whether the sentencing memorandum should remain under seal following sentencing or whether a redacted version should be filed for the public record. *See* Fed. R. Crim. P. 49.1(d); *cf. United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020). Additionally, the parties must confer prior to the sentencing hearing in a good-faith attempt to prepare proposed redactions in the event the Court orders these filings unsealed in whole or in part, and counsel for Poafpybitty must appear at the sentencing hearing with proposed redacted versions of any filings that were filed entirely under seal as a result of this Order.[1]

IT IS SO ORDERED this 17th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] For example, although direct references to sensitive matters and confidential personal information might be properly sealed, general references to charging documents, statutes, sentencing guidelines, and associated case law often do not need to be withheld from public access.